PAUL J. NANGLE & ASSOCIATES
ATTORNEYS AT LAW
KERRY BUILDING, 101 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 274-8866 • FACSIMILE (907) 279-1794

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LUCINDA MOORE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs ) | |
| ) | |
| STATE FARM INSURANCE ) | |
| COMPANIES ) | |
| ) | |
| Defendant ) | |
| _____ ) | Case No: 3AN-08-9969 Civil |

**COMPLAINT**

COMES NOW Plaintiff Lucinda Moore, by and through counsel, the Law Office of Paul J. Nangle & Associates, and submits her Complaint for damages against Defendant State Farm Insurance Company as follows.

1. Plaintiff Moore is a resident of Anchorage, Alaska in the Third Judicial District.

2. State Farm Insurance Company ("State Farm") is an insurance company licensed to conduct business in the Anchorage, Alaska in the Third Judicial District.

3. On or about April 21, 2006, Plaintiff purchased liability insurance including uninsured/underinsured motorist coverage and medical payments coverage from State Farm; Policy No. 47 0996-D21-02G.

PAGE 1 of 5 EXHIBIT C

4. On or about August 25, 2006, Plaintiff was involved in a motor vehicle collision with Elijah Wamack. This accident was caused by Elijah Wamack.

5. Upon information and belief, Elijah Wamack was an uninsured motorist.

6. Plaintiff Moore suffered personal injuries as result of the accident caused by Elijah Wamack.

7. After the accident, Plaintiff Moore sought medical treatment including care from Anchor Chiropractic in Anchorage, Alaska.

8. Plaintiff submitted medical bills and documentation to State Farm concerning her treatment at Anchor Chiropractic.

9. After the accident, Plaintiff Moore submitted to an independent medical examination by Dr. James Vancho at the request of State Farm.

10. On or about March 12, 2007, Plaintiff Moore was informed by Defendant State Farm that it was not going to pay any outstanding medical bills incurred after November 25, 2006 when she achieved maximum medical improvement according to State Farm.

11. Defendant State Farm has refused to pay medical expenses incurred as a result of the August 25, 2006 accident.

12. Defendant State Farm as refused to settle this case under the applicable uninsured/underinsured motorist coverage of Plaintiff's State Farm policy.

13. On or about August 25, 2008, Plaintiff Moore has requested arbitration of her claims with Defendant State Farm.

### FIRST CAUSE OF ACTION
BREACH OF CONTRACT

14. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 13 as though set forth herein.

15. Plaintiff Moore and Defendant State Farm entered into a binding contract at the time Plaintiff Moore purchased insurance from Defendant State Farm.

16. Defendant State Farm breached its contract with Plaintiff Moore by failing to timely consider and make payments under the medical payments portion of the policy and failing to settle the personal injury claims of Plaintiff Moore under the uninsured/underinsured portion of the insurance policy.

17. Defendant State Farm has caused significant damage to Plaintiff Moore by failing to make medical payments coverage and a settlement in this case.

## SECOND CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

18. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 17 as though set forth herein.

19. Defendant State Farm has breached the implied covenant of good faith and fair dealing by failing to timely settle Plaintiff Moore's claims

20. Defendant State Farm's egregious conduct in failing to address these claims has significantly damaged Plaintiff Moore.

21. Defendant State Farm's actions in this matter, including but not limited to its claims handling procedures, breached the implied covenant of good faith and fair dealing.

## THIRD CAUSE OF ACTION
### BAD FAITH

22. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 21 as though set forth herein.

23. Defendant State Farm's conduct, including the manner in which it handled this claim, constitutes bad faith conduct.

24. Defendant State Farm's refusal to timely settle these Plaintiff's medical payments and injury claims in a timely manner constitutes bad faith.

25. Plaintiff has been extensively damages by the tortuous conduct of Defendant State Farm.

Moore/St.Farm/2975
Complaint

PAGE 4 of 5   EXHIBIT C

Page 4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Moore prays for the following relief:

1. For a judgment against State Farm in an amount to be proven at trial;

2. For such specific performance as this Court deems appropriate;

3. For costs and attorneys' fees; and

4. For such other and further relief as this Court deems just and equitable.

DATED this 25th day of August 2008.

PAUL J. NANGLE & ASSOCIATES
Attorneys for Plaintiff

By: /s/ Paul J. Nangle
Paul J. Nangle
Alaska Bar: 7011066

PAGE 5 of 5 EXHIBIT C